## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| BRIAN STEPHENS, | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | 2:22-cv-00111-RWS-JCF |
| v. | ) | |
| | ) | |
| THE CITY OF HELEN and | ) | JURY TRIAL DEMANDED |
| JERRY M. ELKINS, individually | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST COMPLAINT
## FOR EQUITABLE RELIEF AND DAMAGES

COMES NOW Plaintiff Brian Stephens ("Mr. Stephens" or "Plaintiff") and files this First Complaint against the City of Helen, (hereinafter referred to as "Defendant Helen") and Jerry M. Elkins (hereinafter referred to as "Defendant Elkins"), through undersigned counsel, showing the Court as follows:

## INTRODUCTION

1.

This action is brought by Plaintiff for violations of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §201, *et seq.,* the Family Medical Leave Act ("FMLA"), and the Georgia Whistleblower Act to recover (1) unpaid overtime wages; (2) liquidated damages; (3) back pay with interest; (4) reinstatement or front pay; (5) costs of litigation, including reasonable attorney's fees; and (6)

nominal damages.

## JURISDICTION AND VENUE

2.

Jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 203, (FLSA) 29 C.F.R. Part 825 (FMLA), 28 U.S.C. §§ 1331 (federal question), 28 U.S.C. § 1343 (civil rights), 28 U.S.C. §§ 2201 and 2202 (declaratory judgment) and pendent jurisdiction.

3.

Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendants are located in the Northern District of Georgia, Atlanta Division.

## PARTIES

4.

Plaintiff, Mr. Stephens, is an adult American citizen and resident of Habersham County, Georgia. As such, he is entitled to bring actions of this type and nature. He submits himself to the jurisdiction and venue of this Court.

5.

Plaintiff was at all times relevant hereto an eligible employee as defined by Family Medical Leave Act of 1993 ("FMLA") because he was employed for at least 12 months and worked more than the requisite 1250 hours. 29 U.S.C. §

2611(2).

6.

Defendant Elkins, as City Manager, acts on behalf of the City of Helen and is the immediate supervisor of Plaintiff with authority and control located in the jurisdiction and venue of this Court.

7.

Plaintiff was an employee of Defendants, as defined by 29 C.F.R. § 1620.8 Section 3(e), the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(e)(1).

8.

Defendant Helen is an employer as defined by 29 C.F.R. § 1620.8 Section 3(d), FLSA, 29 U.S.C. § 204(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 204(r), and is subject to the law, thus, the requirements placed on employers prescribed by the FLSA.

9.

Defendant Helen is a covered employer as defined by 29 C.F.R. § 825.104 Section (a), FMLA, a public employer.

10.

Defendant Helen is located in the state of Georgia and is in this federal district and this division. At relevant times hereto, Defendant Helen has maintained their

offices, conducting regular, not isolated, acts of administration in Helen, Georgia. As such, Defendant Helen is subject to personal jurisdiction in Georgia.

11.

Defendants at all relevant times, individually and collectively, have been and remain an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d) in that they acted "…directly or indirectly in the interest of employer in relation to an employee…"

12.

Defendant Helen may be served with process of service of the Complaint and Summons at 25 Alpenrosen Strasse, Helen, Georgia 30545.

13.

Defendant Elkins may be served with process of service of the Complaint and Summons at 198 Eagles Nest Drive, Clarkesville, Georgia 30523.

## FACTS

14.

As above, Plaintiff was, at all times relevant to this action, an employee of Defendant Helen.

15.

Plaintiff was employed by Defendants from on or about October 11, 2008, until his termination on or about March 8, 2022.

16.

Plaintiff was employed by the Defendants most recently as Police Chief.

17.

Plaintiff was misclassified by Defendants as an exempt employee.

18.

Throughout his tenure with Defendants, Plaintiff has been a hard-working employee who diligently performed his duties on a regular basis.

19.

Plaintiff was never disciplined, either verbally or in writing prior to his termination.

20.

On or about February 16, 2022, Plaintiff informed Defendants of his FMLA-eligible leave for surgery

21.

Upon Plaintiff's return from his FMLA-eligible leave Plaintiff informed Defendants that he would need further FMLA leave for additional surgery.

22.

Plaintiff was terminated on or about March 8, 2022, 10 days after his return from FMLA leave.

23.

The job description for Chief of Police for Helen, Georgia, called for the Plaintiff to respond to calls for police assistance.

24.

The job description for Chief of Police for Helen, Georgia, called for the Plaintiff to investigate or oversee the investigation of criminal offenses and auto accidents, maintain control over and gather the evidence at the scene of a crime or auto accident, obtaining witnesses for these events, taking suspects into custody, arresting the guilty parties, administering first aid at accidents, helping prepare cases for court and testifying in court.

25.

The job description for Chief of Police for Helen, Georgia, called for the Plaintiff to show skill in the use of firearms and have the ability to reach the mental and physical demands of the established laws and regulations.

26.

Plaintiff told Defendant Elkins about one of the city commissioners, who was building a residence for resale, using city employees, dump trucks, and equipment to move cut trees at the site of the residence.

27.

In or around June, 2021, Plaintiff told Defendant Elkins about one of the city commissioners declaring a road area an emergency so that he could use a particular contractor without having to bid the project out.

28.

Plaintiff told Defendant Elkins that the contractor who got the contract for fixing the above road owns a tubing company that uses the road for his business.

29.

Improvements were performed on said city commissioner's property, which was on the above-mentioned road.

30.

Plaintiff told Defendant Elkins about one of the city commissioners calling the police department to have Plaintiff's officers work traffic for free so a new roof could be installed on his business.

31.

When the city commissioner was told the officers could not work traffic while on duty, Defendant Elkins was called by said commissioner.

32.

Defendant Elkins called in employees from the city public works department to work traffic so that the new roof could be installed on the commissioner's business.

33.

In or around February 2021, Plaintiff cited the business of a city commissioner for violating signage rules for the city.

34.

Plaintiff was told by two of the other city commissioners not to cite the city commissioner again because "they were going to pass a law" making the signage legal.

35.

Plaintiff reasonably believed these actions by commissioners were illegal.

36.

By informing Defendant Elkins of these infractions, Plaintiff's opposition was protected.

37.

The city commissioners retained Arthur L. Krinsky & Associates, Inc. for an investigation of Plaintiff's police department.

38.

The investigation report from Arthur L. Krinsky & Associates, Inc. was dated March 6, 2022.

## COUNT I

## VIOLATIONS OF THE FAIR LABORS STANDARDS ACT OF 1938, AS AMENDED

39.

Plaintiff incorporates preceding paragraphs 1 through 38 as if stated herein for this claim for relief.

40.

Plaintiff was regularly compelled and scheduled to work more than forty hours per week.

41.

In accordance with his job description, Plaintiff is a 1st responder and as such Defendants were responsible to pay Plaintiff time and one half for hours worked in excess of forty (40) hours per week.

42.

Plaintiff was not compensated for hours over 40 he worked in a single week during his tenure with Defendants.

43.

Defendants failed to pay Plaintiff anything for his hours worked in excess of 40 hours per week.

44.

Defendants failed to pay Plaintiff comp time at the rate of 1.5 hours of overtime worked.

45.

Plaintiff's duties did not satisfy the requirements of any exempt category in accordance with the FLSA as Plaintiff is a 1st responder as defined by 29 C.F.R. § 541.3 and in accordance with Plaintiff's written job description.

46.

At all times relevant to this action, Defendants were subject to the responsibilities prescribed by the FLSA as assigned to employers.

47.

Defendants' unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiff's employment violate the FLSA.

48.

As a result of Defendants' unlawful acts, omissions, and practices, Plaintiff suffered a loss of wages.

49.

Defendants' willful violations of the FLSA shows reckless disregard of Plaintiff's right to receive appropriate overtime compensation for his work with Defendants.

50.

Defendants owe Plaintiff pay for work performed but not compensated in an amount to be determined, plus liquidated damages in an equal amount, pursuant to 29 U.S.C. § 216(b).

51.

Pursuant to Section 216(b) of the FLSA, Defendants owe Plaintiff for costs and reasonable attorney's fees.

## COUNT II

### VIOLATIONS OF FMLA OF 1993, 29 U.S.C. § 2601, AS AMENDED 29 U.S.C. §2619, AS AMENDED FAILURE TO PROVIDE NOTICE

52.

Plaintiff incorporates preceding paragraphs 1 through 38 as if stated herein for this claim for relief.

53.

There is no specific method by which Plaintiff must satisfy his responsibility

to notify his employer that he has an FMLA-qualifying serious health condition

and verbal notification is sufficient as long as the words used convey enough

information to place the employer on notice that an FMLA-qualifying event has

occurred.

54.

Plaintiff, in the instant case, verbally informed Defendants of his FMLA-

qualifying event.  Defendants clearly understood that Plaintiff needed surgery.

55.

Defendants understood that an FMLA event had occurred and that

knowledge triggered Defendants' obligation to notify Plaintiff in writing,

providing detailed specific obligations and expectations for the Plaintiff, and

explaining any consequences of a failure to meet his obligations in accordance

with 29 C.F.R. § 825.208(c).

56.

Plaintiff complied with all conditions precedent to request leave under

FMLA, including, but not limited to, providing timely notice of leave, pursuant to

29 U.S.C. § 2612(e)(2).

57.

Defendants failed to provide any written notice to Plaintiff.

58.

Defendants failed to give Plaintiff a verbal, detailed explanation of his FMLA rights and responsibilities.

59.

Plaintiff was deprived of knowledge concerning his FMLA rights and responsibilities and he suffered the adverse employment action of termination of which Plaintiff's FMLA leave was a contributing factor.

60.

Plaintiff is entitled to seek damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to him by reason of Defendants' violation of FMLA. 29 U.S.C. § 2617.

61.

Plaintiff is entitled to liquidated damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to him by reason of violations of FMLA by Defendants. 29 U.S.C. § 2617.

62.

Plaintiff is entitled to reinstatement of his employment, or front pay, benefits

as a Police Chief, and other monetary losses he suffered as a result of Defendants'

unlawful actions. 29 U.S.C. § 2614.

63.

Plaintiff is entitled to an award of interest on the amount of his wages, salary

and benefits calculated at the prevailing rate. 29 U.S.C. § 2617.

64.

Plaintiff is entitled to an award of reasonable attorney's fees and costs of this

action. 29 U.S.C. § 2617.

## COUNT III

## FMLA INTERFERENCE IN VIOLATION OF 29 U.S.C.§ 2615 (a)(1)

65.

Plaintiff incorporates preceding paragraphs 1 through 38 and 53 through 64

as if stated herein for this claim for relief.

66.

In accordance with 29 U.S.C. § 2612 (a)(1)(D), an FMLA-eligible employee

is entitled to 12 workweeks of leave during any 12-month period for a serious

health condition that makes the employee unable to perform the functions of the position of such employee.

67.

At all times relevant to this action, Plaintiff was an FMLA-eligible employee of Defendants.

68.

In accordance with 29 U.S.C. § 2615 (a)(1), it is unlawful to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under this chapter.

69.

Use and further need for FMLA rights was a motivating factor in the adverse employment action of termination suffered by Plaintiff.

70.

At the time of his termination, Plaintiff was eligible for at least 11 weeks of FMLA leave. Plaintiff would have used this time to complete the follow up appointments to his surgery and for his future FMLA-eligible surgery.

71.

Defendants interfered with Plaintiff's use of his future FMLA leave when Defendants terminated Plaintiff.

72.

As a result of Defendants' interference in Plaintiff's FMLA rights, Plaintiff suffered economic loss, loss of the benefits of employment, embarrassment, and humiliation.

73.

Defendant's actions/inactions were willful, wanton, and intentionally directed to harm Plaintiff.

74.

Plaintiff is entitled to seek damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to him by reason of violation of FMLA by Defendants. 29 U.S.C. § 2617.

75.

Plaintiff is entitled to reinstatement of his employment or front pay and benefits as a Police Chief caused by Defendants' unlawful actions. 29 U.S.C. § 2614.

76.

Plaintiff is entitled to an award of interest on the amount of his wages, salary and benefits calculated at the prevailing rate. 29 U.S.C. § 2617.

77.

Plaintiff is entitled to liquidated damages in the amount of his lost wages.

78.

Plaintiff is entitled to an award of reasonable attorney's fees and costs of this action. 29 U.S.C. § 2617.

## COUNT IV

### RETALIATION UNDER FMLA
### A VIOLATION OF 29 U.S.C. § 2615(a)(1) and (2)

79.

Plaintiff incorporates preceding paragraphs 1 through 38 and 53 through 64 and 66 through 78 as if stated herein for this claim for relief.

80.

Plaintiff's FMLA leave was a motivating factor in the adverse employment action he suffered, termination.

81.

Defendants' agent completed his investigative report of the police department while Plaintiff was out on his FMLA-eligible leave.

82.

Just 9 days after returning from his FMLA-eligible leave, Plaintiff was told to resign or be terminated.

83.

Plaintiff was terminated just 10 days after returning from his FMLA-eligible leave in retaliation for use of this leave.

84.

Plaintiff is entitled to seek damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to him by reason of violation of FMLA by Defendants. 29 U.S.C. § 2617.

85.

Plaintiff is entitled to reinstatement of his employment or front pay and benefits as a Police Chief caused by Defendants' unlawful actions. 29 U.S.C. § 2614.

86.

Plaintiff is entitled to an award of interest on the amount of his wages, salary and benefits calculated at the prevailing rate. 29 U.S.C. § 2617.

87.

Plaintiff is entitled to an award of reasonable attorney's fees and costs of this action. 29 U.S.C. § 2617.

## COUNT V

### VIOLATION OF O.C.G.A. § 45-1-4
### THE GEORGIA WHISTLEBLOWER ACT

88.

Plaintiff incorporates preceding paragraphs 1 through 38 as if stated herein for this claim for relief.

89.

At all times relevant to this action, Plaintiff was a public employee as that term is defined by O.C.G.A. § 45-1-4(a)(3).

90.

At all times relevant to this action, Defendant City of Helen, Georgia was Plaintiff's employer and was a "public employer" as defined by O.C.G.A. § 45-1-4(a)(4).

88.

While employed with Defendant, Plaintiff engaged in protected activity when he disclosed violations of laws, rules, or regulations to the City Manager, Jerry Elkins.

91.

Defendant City of Helen took adverse actions against Plaintiff when it investigated then terminated his employment in retaliation for opposing unlawful conduct within the Defendant's government.

92.

Defendant took this adverse action against the Plaintiff because Plaintiff objected to Defendant's activities, policies, and practices.

93.

Plaintiff reasonably believed these violations did not comply with a law, rule or regulation.

94.

Defendant City of Helen, Georgia violated the Georgia Whistleblower Act by adopting or enforcing policies or practices preventing employees from disclosing violations of laws, rules, and regulations to either a supervisor or a government agency.

95.

Instead of insuring that the City of Helen complied with the Georgia Whistleblower Act, Defendant actively sought to violate the Act.

96.

Defendant further retaliated against the Plaintiff by not reporting his termination to P.O.S.T., making it impossible for the Plaintiff to obtain employment as a police officer.

97.

Defendant additionally retaliated against Plaintiff by preventing him from withdrawing his retirement funds, thereby causing a loss of those funds.

98.

Defendant's actions were willful, wanton, and intentionally directed to harm Plaintiff.

99.

Defendant's actions were reckless and taken in willful disregard of the probable consequences of its actions.

100.

Because of Defendant's conduct, Plaintiff has or will suffer lost wages and benefits, and other renumeration, damage to his professional reputation, and mental and emotional distress.

101.

Defendant's actions and failures to act were the proximate cause of the harm suffered by Plaintiff as alleged herein.

**WHEREFORE**, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

(a)     Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated Plaintiff's rights as secured under Fair Labor Standards Act of 1938;

(b)     Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated Plaintiff's rights as secured under Family Medical Leave Act;

(c)     Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated the Georgia Whistleblower Act;

(d)     Grant to Plaintiff judgment in his favor and against Defendants under all counts of this Complaint;

(e)     Award Plaintiff pre-judgment interest;

(f)     Award Plaintiff nominal damages;

(g)     Award Plaintiff his costs and expenses, including reasonable attorney's fees and reasonable expert witness fees together with any and all other costs associated with this action as provided by The Fair Labor Standards Act of 1938 and the Family Medical Leave Act;

(h)     Award Plaintiff his unpaid wages plus liquidated damages associated with this action as provided by The Fair Labor Standards Act of 1938;

(i)     Award Plaintiff his losses plus liquidated damages in an amount of double his losses associated with this action as provided by the Family Medical Leave Act;

(j)     Award reinstatement with seniority or front pay, double back pay, interest on back pay, other compensatory damages including loss of investment funds that resulted from Defendant's retaliation in Georgia Whistleblower Act, costs and reasonable attorney's fees.

(k)     Pursuant to the Seventh Amendment of the United States Constitution and Rule 38, Fed. R. Civ. P., TRIAL BY JURY on all claims on which a jury is available;

(l)     Instruct Clerk to issue summons; and

(m)     Award such additional monetary and equitable relief as the Court deems proper and just.

Respectfully submitted, this 6th day of June 2022.

/s/ Beverly A. Lucas
Beverly A. Lucas
Georgia Bar No.:  427692
LUCAS & LEON, LLC
Post Office Box 752
Clarkesville, Georgia 30523
T: (706) 752-2001

F: (706) 752-8085
beverly@lucasandleon.com

Attorney for Brian Stephens

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| BRIAN STEPHENS, | ) | |
|     Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| v. | ) | |
| | ) | |
| THE CITY OF HELEN and | ) | JURY TRIAL DEMANDED |
| JERRY M. ELKINS, individually | ) | |
|     Defendants. | ) | |

## CERTIFICATE OF FONT COMPLIANCE
## REQUIRED BY LOCAL RULE 7.1D

In accordance with Local Rule 7.1D, I hereby certify that the foregoing was prepared with one of the font and point selections approved by the Court in Local Rule 5.1B. Specifically, it was prepared with Times New Roman, 14 point.

This 6th day of June 2022

BY: /s/*Beverly A. Lucas*
BEVERLY A. LUCAS
GA Bar No. 427692
LUCAS AND LEON, LLC
beverly@lucasandleon.com
Post Office Box 752
Clarkesville, Georgia 30523
Telephone: 706-754-2001
Fax: 706-754-8085